1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11  SASHI L. SINGH,                    )   Case No. 2:10-CV-0836-JAM-GGH
                                       )
12                  Plaintiff,         )   ORDER GRANTING DEFENDANTS'
                                       )   MOTION TO DISMISS
13        v.                           )
                                       )
14  AMERICA'S SERVICING COMPANY; NEW   )
    CENTURY MORTGAGE CORPORATION;      )
15  FIRST AMERICAN LOANSTAR TRUSTEE    )
    SERVICES; DEUTSCHE BANK NATIONAL   )
16  TRUST COMPANY; MFN MORTGAGE;       )
    GREGORY LYNN NICHOLS; and DOES     )
17  1-20, inclusive,                   )
                                       )
18                  Defendants.        )
    ───────────────────────────────────)
19

20        This matter comes before the Court on Defendants Deutsche

21  Bank National Trust Company and Wells Fargo Bank, N.A. d/b/a

22  America's Servicing Company's ("Defendants'") Motion to Dismiss

23  (Doc. 20) Plaintiff Sashi Singh's First Amended Complaint

24  ("FAC") (Doc. 15).  Defendants move to dismiss the three claims

25  against them in the FAC, for failure to state a claim pursuant

26  to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes

27

28

                                   1

1   dismissal of one of the claims.[1]  For the reasons set forth

2   below, Defendants' motion is granted.

3

4              I.    FACTUAL AND PROCEDURAL BACKGROUND

5        In March 2006, Plaintiff obtained a $344,149.00 first and

6   $64,528.00 second mortgage ("the Loans") secured by deeds of

7   trust on the property located at 5454 Knotty Pine Way,

8   Sacramento, California ("the property").  The deeds of trust

9   identified New Century Mortgage Corporation as lender and North

10  American Title Company as trustee.  Subsequently, Defendant

11  America's Servicing Company ("ASC") began servicing the Loans.

12  Plaintiff defaulted on the loans, and a Notice of Default was

13  recorded on June 3, 2009.  First American Loanstar Trustee

14  Services was substituted in as trustee on July 9, 2009.  On July

15  24, 2009, an assignment of the deeds of trust to Deutsche Bank

16  National Trust Company as Trustee for Morgan Stanley ABS Capital

17  1, Inc. ("Deutsche") was recorded.  A Notice of Trustee's Sale

18  was recorded on September 24, 2009.  The property was purchased

19  by Deutsche at a foreclosure sale on January 20, 2010.

20       Plaintiff alleges that prior to the closing of the loan,

21  the mortgage broker Gregory Nichols made numerous

22  misrepresentations to Plaintiff regarding the terms of the loan.

23  Plaintiff brought claims of fraud, negligent misrepresentation

24  and wrongful foreclosure against Defendants.  Plaintiff also

25  brought additional claims against other defendants who are not

26  parties to this motion.  Plaintiff has voluntarily dismissed

27  _____

28  [1]  This motion was determined to suitable for decision without
    oral argument. E.D. Cal. L.R. 230(g).

1  defendant First American Loanstar Trustee Services (not a party

2  to this motion), and has voluntarily dismissed all but one of

3  the claims against Defendants.  Accordingly, the only remaining

4  claim against Defendants is a claim for wrongful foreclosure.

5

6                          II.  OPINION

7      A.   Legal Standard

8           A party may move to dismiss an action for failure to

9  state a claim upon which relief can be granted.  Fed. R. Civ. P.

10 12(b)(6).  In considering a motion to dismiss, the court must

11 accept the allegations in the complaint as true and draw all

12 reasonable inferences in favor of the plaintiff.  Scheur v.

13 Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

14 Davis v. Schere, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S.

15 319, 322 (1972).  "Notwithstanding this deference, it is

16 improper for a court to assume the plaintiff can prove facts

17 which he or she has not alleged."  Ozuna v. Home Capital

18 Funding, 2009 WL 2496804, at *1 (S.D. Cal. Aug. 13, 2009).

19 Assertions that are mere "legal conclusions," are not entitled

20 to the assumption of truth.  Ashcroft v. Iqbal, 129 S.Ct. 1937,

21 1949-50 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544,

22 555 (2007).  To survive a motion to dismiss, a plaintiff needs

23 to plead "enough facts to state a claim to relief that is

24 plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.

25 544, 555, 570 (2007).  Dismissal is appropriate where the

26 plaintiff fails to state a claim supportable by a cognizable

27 legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d

28 696, 699 (9th Cir. 1990).

1    Upon granting a motion to dismiss, a court has discretion

2  to allow leave to amend the complaint.  See Fed. R. Civ. Pro.

3  15(a).  "Absent prejudice, or a strong showing of any [other

4  relevant] factor[], there exists a presumption under Rule 15(a)

5  in favor of granting leave to amend."  Eminence Capital, L.L.C.

6  v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis

7  in original).  "Dismissal with prejudice and without leave to

8  amend is not appropriate unless . . . it is clear that the

9  complaint could not be saved by amendment."  Id.

10    Generally, the court may not consider material beyond the

11  pleadings in ruling on a motion to dismiss for failure to state

12  a claim.  Sherman v. Stryker Corp., 2009 WL 2241664, at *2 (C.D.

13  Cal. Mar. 30, 2009) (internal citations omitted).  There are two

14  exceptions: when material is attached to the complaint or relied

15  on by the complaint, or when the court takes judicial notice of

16  matters of public record, provided the facts are not subject to

17  reasonable dispute.  Id.  Defendants have requested that the

18  Court take judicial notice of several of the loan documents

19  which are matters of public record and relied on in the FAC.

20  (Doc. 18, ex. 2).  Accordingly, the Court takes judicial notice

21  as requested.

22    B.   Wrongful Foreclosure

23    The FAC alleges that Defendants wrongfully foreclosed

24  on the property because Defendants are not persons entitled to

25  enforce a security interest in the property pursuant to

26  California Commercial Code §3301.  Plaintiff alleges Defendants

27  cannot produce the Note as required by Section 3301.  However,

28  as Defendants correctly note, nonjudicial foreclosures are not

1  governed by California Commercial Code §3301.  See e.g. Pok v.

2  American Home Mortg. Servicing, Inc., 2010 WL 476674, *7 (E.D.

3  Cal. Feb. 3, 2010).

4      Furthermore, Plaintiff has not alleged tender, which is

5  required under California law to challenge a foreclosure sale.

6  Montoya v. Countrywide Bank, FSB, 2009 WL 1813973, *11 (N.D.

7  Cal. June 25, 2009).  ("Under California law, the tender rule

8  requires that as a precondition to challenging a foreclosure

9  sale, or any cause of action implicitly integrated to the sale,

10  the borrower must make a valid and viable tender of payment of

11  the secured debt.")

12      Lastly, Plaintiff's opposition brief raises new allegations

13  that the cause of action for wrongful foreclosure arises from

14  California Civil Code §2923.5.  The Court will not consider new

15  allegations raised for the first time in the opposition.

16  Moreover, Section 2923.5 does not create a private right of

17  action.  Zendejas v. GMAC Wholesale Mortg. Corp., 2010 WL

18  2629899, *4 (E.D. Cal. June 29, 2010).

19      Accordingly, Plaintiff's FAC has failed to state a claim

20  against Defendants for wrongful foreclosure, and further

21  amendment would be futile.  The Court grants Defendant's Motion

22  to Dismiss, with prejudice.

23                          III. ORDER

24      For the reasons set forth above, Defendants' Motion to

25  Dismiss is GRANTED, WITH PREJUDICE.

26      IT IS SO ORDERED.

27  Dated:  September 29, 2010

28                          _____
                            JOHN A. MENDEZ,
                            UNITED STATES DISTRICT JUDGE