1
2
3
4
5
6
7
8                   IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SASHI L. SINGH,

11              Plaintiff,                    CIV. NO. S-10-0836 JAM GGH

12        vs.

13   NEW CENTURY MORTGAGE
     CORP., et al.,
14                                           FINDINGS AND RECOMMENDATIONS
               Defendants.
15   _____/

16          Plaintiff's motion for default judgment against defendants MFN Mortgage and

17   Gregory Lynn Nichols, filed April 7, 2011, (dkt. # 40), was submitted after hearing on May 19,

18   2011.[1]  Jonathon Stein appeared for plaintiff.  Defendants made no appearance.  After hearing

19   oral argument and upon review of the motion and the supporting documents, the court issues the

20   following findings and recommendations.

21   BACKGROUND

22          Plaintiff filed this action in state court, alleging misrepresentations in violation of

23   the Real Estate Settlement Procedures Act ("RESPA") and eight state law claims in connection

24   with the sale and mortgage of a home purchased by plaintiff that later went into foreclosure.  The

25   _____

26          [1]  Plaintiff filed an amended motion on May 19, 2011, after the hearing on this matter.
     (Dkt. #42.)

complaint alleged fraud, breach of contract, breach of implied covenant of good faith and fair

dealing, violation of California's Rosenthal Act, negligence, violation of RESPA, breach of

fiduciary duty, violations of California Bus. & Prof. Code § 17200 et seq., and wrongful

foreclosure.  On April 8, 2010, the action was removed to this court by defendants Deutsche

Bank and Wells Fargo Bank, and defendant Nichols dba MFN Mortgage joined in the removal.

(Dkt. # 4.)  Subsequently, plaintiff filed an amended complaint on April 29 and May 3, 2010,

(dkt. #s 15 and 17), which contained no federal claims and did not allege diversity.  The district

court granted the motion to dismiss brought by Deutsche Bank and Wells Fargo Bank.  The only

remaining defendants are MFN Mortgage and its principal, Gregory Nichols.[2]  The amended

motion for default judgment, filed on May 19, 2011, after the hearing, seeks judgment in the

amount of $29,760.62, plus pre-judgment interest.

According to the record, the complaint was served, and defendant Nichols dba

MFN Mortgage filed an answer in state court on March 24, 2010. (Dkt. # 1.)  Defendant Nichols

filed a joinder in the removal to this court.  (Dkt. # 4.)  Nichols was served by mail with the

amended complaint on May 3, 2010.[3]  (Dkt. # 17 at 29.)  Nichols did not file a response to the

amended complaint.  Since Nichols dba MFN Mortgage has made an appearance in this case,[4] he

was required to be served with notice of the application for default judgment seven days prior to

the May 19, 2011 hearing.  Fed. R. Civ. P. 55(b)(2).  Nichols was not served with notice of the

---

[2]  Defendant American Loanstar Trustee Services was earlier dismissed, and plaintiff filed a notice of voluntary dismissal of defendant New Century Mortgage Corporation on May 19, 2011, after the hearing.

[3]  Defendants Nichols and MFN Mortgage were also served with summons on January 25, 2011.  (Dkt. #s 36, 37.)

[4]  Appearance in state court through an answer qualifies as an appearance in the case, despite its removal to federal court.  Fed. R. Civ. P. 81(c)(2), (3) (contemplating that pre-removal answer constitutes an appearance by rules setting forth that "[a]fter removal, repleading is unnecessary unless the court orders it," and that request for jury trial in pre-removal answer need not be renewed after removal).  Defendant also made an appearance in federal court through his joinder in the removal.

1   application.  (Dkt. # 40.)  Therefore, the application for default judgment should be denied.

2   Plaintiff is seeking to win, not on the merits, but on procedural grounds.  As such, plaintiff

3   himself must not be procedurally deficient in his application.

4   <u>CONCLUSION</u>

5          In view of the foregoing findings, it is the recommendation of this court that

6   plaintiff's application for entry of default judgment, filed April 7, 2011, as amended on May 19,

7   2011, be DENIED without prejudice.

8          These findings and recommendations are submitted to the United States District

9   Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

10   fourteen (14) days after being served with these findings and recommendations, any party may

11   file written objections with the court and serve a copy on all parties.  Such a document should be

12   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

13   objections shall be served and filed within fourteen (14) days after service of the objections.  The

14   parties are advised that failure to file objections within the specified time may waive the right to

15   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16   DATED: June 22, 2011

17               /s/ Gregory G. Hollows

                    _____

18             GREGORY G. HOLLOWS
                UNITED STATES MAGISTRATE JUDGE

19   GGH:076/Singh0836.def.wpd

20

21

22

23

24

25

26