IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SASHI L. SINGH,

      Plaintiff,                         CIV. NO. S-10-0836 JAM GGH

      vs.

NEW CENTURY MORTGAGE
CORP., et al.,
                                                <u>ORDER</u>
      Defendants.
_____/

      Plaintiff has filed a third motion for default judgment against defendant and Gregory Lynn Nichols dba MFN Mortgage, after his previous motions were found to be defective on procedural grounds, for failure to serve this defendant. The current motion, filed August 3, 2011, (dkt. no. 49), was heard on September 15, 2011. Jonathon Stein appeared for plaintiff. Defendant appeared in pro se. After hearing oral argument and upon review of the papers in support of and in opposition to the motion, the court issues the following order.

<u>BACKGROUND</u>

      Plaintiff filed this action in state court, alleging misrepresentations in violation of the Real Estate Settlement Procedures Act ("RESPA") and eight state law claims in connection with the sale and mortgage of a home purchased by plaintiff that later went into foreclosure. The complaint alleged fraud, breach of contract, breach of implied covenant of good faith and fair

dealing, violation of California's Rosenthal Act, negligence, violation of RESPA, breach of fiduciary duty, violations of California Bus. & Prof. Code § 17200 et seq., and wrongful foreclosure.  According to the record, the complaint was served, and defendant Nichols dba MFN Mortgage filed an answer in state court on March 24, 2010. (Dkt. no. 1.)  On April 8, 2010, the action was removed to this court by defendants Deutsche Bank and Wells Fargo Bank, and defendant Nichols dba MFN Mortgage joined in the removal.   (Dkt. no. 4.)  Subsequently, plaintiff filed an amended complaint on April 29 and May 3, 2010, (dkt. nos. 15 and 17), which contained no federal claims and did not allege diversity.  The district court granted the motion to dismiss brought by Deutsche Bank and Wells Fargo Bank.  The only remaining defendants are MFN Mortgage and its principal, Gregory Nichols.[1]  The current motion for default judgment seeks judgment in the amount of $29,760.62, plus pre-judgment interest, and attorney's fees and costs.

The docket reflects that Nichols was served by mail with the amended complaint on May 3, 2010. (Dkt. no. 17 at 29.)   Nichols did not file a response to the amended complaint.  Since Nichols dba MFN Mortgage has made an appearance in this case,[2] he was required to be served with notice of the application for default judgment seven days prior to the May 19, 2011 hearing.  Fed. R. Civ. P. 55(b)(2).  As Nichols was not served with notice of the original or amended applications, those applications were denied. (Dkt. nos. 40, 44, 45, 48.)

In this third application for default judgment, plaintiff has included a proof of service, indicating service on Nichols and MFN Mortgage on August 3, 2011. (Dkt. no. 50.)

---

[1] Defendant American Loanstar Trustee Services was earlier dismissed, and plaintiff filed a notice of voluntary dismissal of defendant New Century Mortgage Corporation on May 19, 2011.

[2] Appearance in state court through an answer qualifies as an appearance in the case, despite its removal to federal court. Fed. R. Civ. P. 81(c)(2), (3) (contemplating that pre-removal answer constitutes an appearance by rules setting forth that "[a]fter removal, repleading is unnecessary unless the court orders it," and that request for jury trial in pre-removal answer need not be renewed after removal).  Defendant also made an appearance in federal court through his joinder in the removal.

1  Nichols' opposition states that he was not served with the application, but he found it on PACER
2  and has opposed it in any event.  He seeks sanctions for having to oppose all of these motions, in
3  light of the court's previous rulings.  Nichols also requests leave to file an amended responsive
4  pleading.

5  Nichols should have responded to the first amended complaint, or at least filed a
6  motion to set aside entry of default.  On the other hand, plaintiff should have been able to
7  properly serve a motion for default judgment without needing three attempts.  In any event, this
8  order will attempt to move the case forward in an efficient manner.

9  First, it appears that the Nichols, dba MFN Mortgage, is the only defendant
10 remaining in the case, and is appearing in pro se.  Therefore, this action should be re-designated
11 as a PS case with reference to the undersigned for all pretrial matters.  E.D. Local Rule
12 302(c)(21).

13 Second, plaintiff represented at hearing that he would not oppose setting aside
14 default.  Therefore, the application for entry of default judgment will be vacated.  Defendant
15 Nichols will be given the opportunity to file a responsive pleading.

16 CONCLUSION

17 Accordingly, IT IS ORDERED that:

18 1. The Clerk of the Court is directed to re-designate this action as a PS case
19 pursuant to E.D. Local Rule 302(c)(21).

20 2. Plaintiff's amended application for entry of default judgment, filed August 3,
21 2011, (dkt. no. 49), is vacated.

22 3. The Clerk of the Court is directed to remove the entry of default, entered
23 February 18, 2011, (dkt. no. 39.)

24 4. Defendant Nichols shall file a motion to dismiss the first amended complaint
25 within thirty (30) days of this order.

26 5. Plaintiff shall file an opposition by December 7, 2011.

6. Defendant may file a reply by December 14, 2011. The motion will then be taken under submission. If a hearing is determined to be necessary, it will be separately scheduled.

7. Defendant Nichols' request for sanctions is denied.

DATED: September 19, 2011

                                       /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

GGH:076/Singh0836.def3.wpd