1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SASHI L. SINGH,

11            Plaintiff,                    CIV. NO. S-10-0836 JAM GGH PS

12       vs.

13   NEW CENTURY MORTGAGE
     CORP., et al.,
14                                          FINDINGS AND RECOMMENDATIONS
              Defendants.
15   _____/

16            Presently pending before the court is defendant Nichols' motion to dismiss the

17   first amended complaint, filed October 13, 2011.[1]  Having determined that oral argument would

18   not be of material assistance, the court now issues the following findings and recommendations

19   based upon the papers submitted.

20   BACKGROUND

21            Plaintiff, proceeding with counsel, filed this action in state court, alleging

22   misrepresentations in violation of the Real Estate Settlement Procedures Act ("RESPA") and

23   eight state law claims in connection with the sale and mortgage of a home purchased by plaintiff

24   that later went into foreclosure.  The complaint alleged fraud, breach of contract, breach of

25

26            [1]  The notice of motion was filed on October 18, 2011.

1

implied covenant of good faith and fair dealing, violation of California's Rosenthal Act,

negligence, violation of RESPA, breach of fiduciary duty, violations of California Bus. & Prof.

Code § 17200 et seq., and wrongful foreclosure.  According to the record, the complaint was

served, and defendant Nichols, dba MFN Mortgage, filed an answer in state court on March 24,

2010. (Dkt. no. 1.)  On April 8, 2010, the action was removed to this court by defendants

Deutsche Bank and Wells Fargo Bank, and defendant Nichols, dba MFN Mortgage, joined in the

removal.   (Dkt. no. 4.)  Subsequently, plaintiff filed an amended complaint on April 29 and May

3, 2010, (dkt. nos. 15 and 17), which contained no federal claims and did not allege diversity.

The district court granted the motion to dismiss brought by Deutsche Bank and Wells Fargo

Bank.  The only remaining defendant was Gregory Nichols, dba MFN Mortgage.[2]  Although

plaintiff obtained entry of default against defendant Nichols, and was in the process of moving

for default judgment, Nichols successfully opposed the motion.  By order of September 20, 2011,

plaintiff's application for default judgment was vacated, entry of default was removed, and

defendant Nichols was directed to file a motion to dismiss.  It was at this time that the case was

re-designated as a PS case pursuant to E.D. Local Rule 302(c)(21).

DISCUSSION

   The motion to dismiss is based on failure to state a claim, that equitable tolling is

not warranted for certain claims which are time barred, and that the fraud claim is not pled with

particularity.  The motion to dismiss will not be addressed, however, because the undersigned has

declined to exercise its supplemental jurisdiction over the state law claims remaining.

   This court has discretion to exercise supplemental jurisdiction over plaintiffs'

remaining state law claims.  Carlsbad Tech., Inc. v. HIF BIO, Inc., --- U.S. ----, 129 S.Ct. 1862,

1866-67, 173 L.Ed.2d 843 (2009); Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d

---

[2]  Defendant American Loanstar Trustee Services was earlier dismissed, and plaintiff filed a notice of voluntary dismissal of defendant New Century Mortgage Corporation on May 19, 2011.

931, 936 (9th Cir.2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction ...."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).  In fact, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

A plaintiff has the prerogative to amend his complaint to eliminate federal claims after removal and such action is viewed as a legitimate tactical decision. See Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490-91 (9th Cir.1995).  When the amended complaint is filed, the court may then decide whether to exercise its supplemental jurisdiction.  Gilmore v. Bank of New York, 2009 WL 2031736, *2 (S.D. Cal. July 9, 2009).

Here, plaintiff chose to file an amended complaint which contains no federal claims.  The amended complaint contains only state law claims, and the only claims alleged against the sole remaining defendant, Nichols, dba MFN Mortgage, are limited to fraud and deceit, negligent misrepresentation, breach of fiduciary duty, breach of contract, and negligence. (Dkt. nos. 15, 17.)   For these reasons, and because the amended complaint seeks only monetary damages as the property at issue was previously sold at foreclosure sale[3], it is in the interests of judicial economy, convenience, fairness, and comity to remand the remaining claims.  The undersigned has carefully considered whether to exercise its supplemental jurisdiction based on

---

[3]  Although the first amended complaint also seeks injunctive relief to prevent the property from being sold, (dkt. no. 15 at 26-27), the record indicates that the property was sold months before the first amended complaint was filed.  (Dkt. no. 28 at 2:18-19.)

1   the aforementioned reasons, and the countervailing consideration that the case may be delayed

2   further with remand.  Nevertheless, the factors in favor of remand outweigh any potential delay.

3   CONCLUSION

4             Accordingly, IT IS HEREBY RECOMMENDED that:

5             1.  This action be remanded to Sacramento County Superior Court;

6             2.  The Clerk serve a certified copy of this order to the Clerk of the Sacramento

7   County Superior Court, and reference the state case number (34-2010-00067728) in the proof of

8   service; and

9             3.  The Clerk be directed to close this case.

10            These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

12  fourteen (14) days after being served with these findings and recommendations, any party may

13  file written objections with the court and serve a copy on all parties.  Such a document should be

14  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

15  objections shall be served and filed within fourteen (14) days after service of the objections.  The

16  parties are advised that failure to file objections within the specified time may waive the right to

17  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18   DATED: January 26, 2012

19                                    /s/ Gregory G. Hollows
                                     UNITED STATES MAGISTRATE JUDGE
20
     GGH:076/Singh0836.mtd.wpd
21

22

23

24

25

26

4